UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-20779-CIV-SEITZ/O'SULLIVAN

JUAN ESTRADA, LUIS MEDINA,
OSCAR GAITAN, RAMIRO SARRIA,
HENRY MARTINEZ, MARIA RODRIGUEZ,
JOSE COSTA, RUBEN FLORES,
GUSTAVO COLLAZO, MARTHA MENCHERO,
VAGNER DUARTE, CANDIDO RODA,
JAIME ESTRADA, JOEL MONTERO,
JORGE OROZCO, JORGE VEGA,
YAHIMA THOMPSON, EVANDRO TEIXEIRA,
RONNY FRANCO and MARIA GUEVARA,

      Plaintiffs,

v.

PORCAO RIO'S LLC, a Florida Limited Liability
Company, STEAK IN FOODS & BEVERAGES, INC.,
a Florida Corporation, ANCAR BUSINESS, LLC,
a Florida Limited Company, PORCAO GROUP, LLC,
a Florida Limited Liability Company and
JADIEL PIRES, individually,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiffs['] Motion for Final Default

Judgment Against Defendants Porcao Rio's LLC, a Florida Limited Liability Company,

Steak in Foods & Beverages, Inc., a Florida Corporation, Ancar Business, LLC, [a]

Florida Limited Company, Porcao Group, LLC, a Florida Limited Liability Company and

Incorporated Memorandum of Law (DE# 20, 10/12/10) (hereinafter "Motion for Final

Default Judgment"). On December 3, 2010, the instant motion was referred to the

undersigned by the Honorable Patricia A. Seitz, United States District Judge for the

Southern District of Florida. See Order of Referral (DE# 27, 12/3/10). Having held an

evidentiary hearing on December 16, 2010 and carefully considered the instant motion, the court file and the applicable law, the undersigned respectfully recommends that the Motion for Final Default Judgment (DE# 20, 10/12/10) be **GRANTED in part and DENIED in part** in accordance with this Report and Recommendation.

## BACKGROUND

On March 16, 2010, the plaintiffs[1] filed the instant action against defendants Porcao Rio's LLC, Steak in Foods & Beverages, Inc., Ancar Business, LLC, Porcao Group, LLC and Jadiel Pires for unpaid overtime, back wages and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. and Florida law (common law breach of contract). See Complaint (DE# 1 at ¶ 4, 3/16/10). Defendants Porcao Rio's LLC, Steak in Foods & Beverages, Inc., Ancar Business, LLC and Porcao Group, LLC (hereinafter "defendants")[2] were served with a copy of the summons and complaint on March 19, 2010 and March 22, 2010. See Certificates of Service (DE# 8-11, 4/12/10). The defendants did not respond to the complaint. On April 12, 2010, the plaintiffs moved for a clerk's default against the defendants. See Plaintiffs' Motion for Clerk's Default (DE# 12, 4/12/10). The defendants did not respond to the motion and on April 13, 2010, the Clerk entered a default against the defendants. See Entry of Default (DE# 18, 4/13/10).

---

[1] The plaintiffs were as follows: Juan Estrada, Luis Medina, Oscar Gaitan, Ramiro Sarria, Henry Martinez, Maria Rodriguez, Jose Costa, Ruben Flores, Gustavo Collazo, Martha Menchero, Vagner Duarte, Candido Roda, Jaime Estrada, Joel Montero, Jorge Orozco, Jorge Vega, Yahima Thompson, Evandro Teixeira, Ronny Franco and Maria Guevara.

[2] The individual defendant, Jadiel Pires, was not served. The term "defendants" in this Report and Recommendation will refer to the corporate defendants: Porcao Rio's LLC, Steak in Foods & Beverages, Inc., Ancar Business, LLC and Porcao Group, LLC.

On October 12, 2010, the plaintiffs filed the instant Motion for Final Default Judgment (DE# 20, 10/12/10). The defendants did not respond to the instant motion. On December 16, 2010, the undersigned held an evidentiary hearing on the instant motion. Plaintiffs Juan Estrada, Ramiro Sarria, Jose Costa, Ruben Flores, Martha Menchero, Vagner Duarte, Candido Roda, Jorge Orozco, Jorge Vega, Yahima Thompson and Maria Guevara (hereinafter "plaintiffs")[3] testified on their own behalf. Plaintiffs Luis Medina, Oscar Gaitan, Henry Martinez, Maria Rodriguez, Gustavo Collazo, Jaime Estrada, Joel Montero, Evandro Teixeira and Ronny Franco were not present at the December 16, 2010 evidentiary hearing. The undersigned admitted plaintiffs' Exhibits 1 through 14 into evidence. See Exhibit List (DE# 28, 12/6/10).[4] The defendants did not appear at the evidentiary hearing. The plaintiff's counsel submitted an attorney fee ledger following the hearing. See Fee Ledger (DE# 34, 12/17/10).

## ANALYSIS

**A.    Entry of Final Default Judgment**

The plaintiffs collectively seek unpaid overtime and back wages under 29 U.S.C. 207(a) and Florida law (breach of contract claim). See Motion for Final Default Judgment (DE# 20 at 3, 10/12/10) (stating that the plaintiffs seek back overtime wages under the FLSA and unpaid regular wages based on Florida law). Under 29 U.S.C. § 216(b), the plaintiffs also claim entitlement to liquidated damages for the amount of

---

[3] In this Report and Recommendation, the term "plaintiffs" will refer to the plaintiffs who appeared at the December 16, 2010 evidentiary hearing, unless otherwise specified.

[4] The plaintiffs originally submitted 15 exhibits. However, because Oscar Gaitan failed to appear at the December 16, 2010 evidentiary hearing, the undersigned did not admit Mr. Gaitan's payroll records (marked as Plaintiff's Exhibit 2).

overtime hours worked.

At the December 16, 2010 evidentiary hearing, the plaintiffs presented testimony in support their claims. The plaintiffs are restaurant workers who at various times worked for Porcao Rio's LLC, Steak in Foods & Beverages, Inc. and Porcao Group, LLC.[5] There was no testimony that any of the plaintiffs worked for defendant Ancar Business, LLC.

The plaintiffs were not paid for all of the hours worked (back wages). The plaintiffs (with the exception of Martha Menchero and Jorge Vega) were not paid time and a half for all of the overtime hours worked.[6] The plaintiffs also seek liquidated damages for the amount of overtime compensation owed. The plaintiffs' testimony with respect to the amount of back wages, overtime and liquidated damages owed is summarized as follows.

---

[5] The majority of the plaintiffs testified that they worked for an entity called Rios Churrascaria or Churrascaria Rios. Rios Churrascaria is not a party to this lawsuit. However, through the testimony of Mr. Costa and Mr. Duarte, the plaintiffs presented evidence that the plaintiffs' employer had changed its name on three occasions and was at some point known as of Porcao Rio's LLC, Steak in Foods & Beverages, Inc. or Porcao Group, LLC. The undersigned notes that the plaintiffs are not sophisticated individuals and thus some confusion with respect to the corporate name of their employer is understandable.

[6] Plaintiffs Juan Estrada, Ramiro Sarria, Jose Costa, Ruben Flores, Candido Rodas and Maria Guevara testified that the amount of overtime owed to them was fifty percent of the total amount owed. Plaintiff Vagner Duarte testified that the amount of overtime owed to him was $9,000.00. Plaintiff Jorge Orozco testified that thirty percent of the total amount owed to him was overtime. Plaintiff Yahima Thompson testified that the overtime owed to her was ten percent of the total wages owed. Plaintiffs Maria Menchero and Jorge Vega testified that they were not owed any overtime.

| Plaintiff | Total Back Wages and Overtime Owed | Liquidated Damages | Total Amount Owed |
|---|---|---|---|
| Juan Estrada | $9,339.61 | $4,669.81 | $14,009.42 |
| Ramiro Sarria | $6,814.00 | $3,407.00 | $10,221.00 |
| Jose Costa | $19,299.25 | $9,649.63 | $28,948.88 |
| Ruben Flores | $8,471.84 | $4,235.92 | $12,707.76 |
| Martha Menchero | $15,700.00 | $0.00 | $15,700.00 |
| Vagner Duarte | $17,237.50 | $9,000.00 | $26,237.50 |
| Candido Rodas | $16,000.00 | $8,000.00 | $24,000.00 |
| Jorge Orozco | $2,760.00 | $828.00 | $3,588.00 |
| Jorge Vega | $3,951.29 | $0.00 | $3,951.29 |
| Yahima Thompson | $2,500.00 | $250.00 | $2,750.00 |
| Maria Guevara[7] | $13,034.88 | $6,517.44 | $19,552.32 |
| | | **Total:** | $161,666.16 |

Based on the evidence presented by the plaintiffs, the undersigned respectfully recommends that the Motion for Final Default Judgment (DE# 20, 10/12/10) be **GRANTED in part** as to these plaintiffs and that a Final Default Judgment be entered in favor of plaintiffs Juan Estrada, Ramiro Sarria, Jose Costa, Ruben Flores, Martha Menchero, Vagner Duarte, Candido Rodas, Jorge Orozco, Jorge Vega, Yahima Thompson and Maria Guevara and against defendants Porcao Rio's LLC, Steak in Foods & Beverages, Inc. and Porcao Group, LLC in the amount of $161,666.16.

---

[7] The payroll records from Ms. Guevara indicate that she was owed $13,034.88 in back wages and overtime. See Plaintiffs' Exhibit 11. At the evidentiary hearing, Ms. Guevara testified that she was actually owed $19,888.00 and that she had a document at home evidencing this amount. Because Ms. Guevara failed to bring this document to the evidentiary hearing, the undersigned credits the payroll records and finds that Ms. Guevara was owed $13,034.88 in back wages and unpaid overtime.

Plaintiffs Luis Medina, Henry Martinez, Maria Rodriguez, Gustavo Collazo, Jaime Estrada, Joel Montero, Evandro Teixeira and Ronny Franco were not present at the December 16, 2010 evidentiary hearing. Accordingly, the undersigned recommends that the Motion for Final Default Judgment (DE# 20, 10/12/10) be **DENIED** as to these individuals.

### B.    Attorney's Fees

The plaintiffs also seek to recover attorney's fees and costs. The Fair Labor Standards Act provides for the recovery of attorney's fees for a prevailing plaintiff. See 29 U.S.C. § 216(b). Since the plaintiffs have prevailed in the case at bar, they are entitled to reasonable attorney's fees.

### 1.    Reasonable Hourly Rate

Having determined that the plaintiffs are entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award. The Court must first evaluate the plaintiffs' attorney's fee request in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886 (1984). In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and

ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993).

The plaintiffs request an hourly rate of $200.00 for their counsel. Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299. However, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Id. at 1303. Having considered and weighed the evidence, counsel's reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorney's fees in general, the undersigned finds that the hourly rate of $200.00 for the plaintiff's counsel is reasonable and appropriate.

**2.     Hours Reasonably Expended**

The Court must next evaluate the plaintiffs' requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel. The plaintiffs request reimbursement for 72.7 hours. See Fee Ledger (DE# 34, 12/17/10). The plaintiffs submit an itemized list containing the date each task was performed, a description of the task and the amount of time spent. Id. Upon review of the list submitted, the undersigned notes a discrepancy between the total amount of hours claimed at the bottom of the fee ledger (72.7) and the total amount of hours calculated by the undersigned when totaling each billing entry (64.8). Id. The undersigned is unable to

account for the discrepancy and thus will rely on the 64.8 hours calculated by the undersigned.

Of the 64.8 hours calculated by the undersigned, further reductions are warranted for entries representing clerical work. On March 16, 2010, the plaintiffs' counsel billed 0.7 (42 minutes) for filing the complaint and summonses on the Court's CM/ECF filing system. The docket shows that the complaint and summons were conventionally filed and thus uploaded by the Clerk's office. As such, the undersigned recommends that the entire amount be disallowed. Similarly on April 12, 2010, the plaintiffs' counsel billed 0.3 (or 18 minutes) for filing the motion for clerk's default on CM/ECF and on October 12, 2010, the plaintiffs' counsel billed 0.5 for filing the motion for final default judgment. The undersigned recommends that both these entries be disallowed in their entirety because these tasks could have been performed by a secretary or paralegal.[8] Similarly, on November 17, 2010, the plaintiffs' counsel billed two hours for copying and assembling the exhibit notebook. The undersigned recommends that this entry be disallowed in its entirety because it could have be performed by a secretary or paralegal.

The undersigned also recommends reductions for excessive time entries. On April 13, 2010, the plaintiffs' counsel billed 0.3 (or 18 minutes) for reviewing the clerk's default. The undersigned finds that this amount is excessive for this type of document and recommends that this time entry be reduced to 0.1. On August 9, 2010, the plaintiffs' counsel billed 0.6 for reviewing the Order requiring the plaintiffs to file a

---

[8] While paralegal work is compensable, the plaintiffs' counsel did not submit an hourly rate for paralegal time. Thus, the undersigned recommends disallowing this entry.

motion for final default judgement. This one-page Order does not warrant the amount of time billed by the plaintiffs' counsel. As such, the undersigned recommends that the time entry be reduced to 0.1. On October 22, 2010, the plaintiffs' counsel billed 1.2 hours for drafting a motion for extension of time, a request for a status conference and an affidavit of non-service. The undersigned has reviewed the filings and recommends that this amount be reduced by half to 0.6. Lastly, on October 28, 2010, the plaintiffs' counsel billed 0.3 for reviewing the Order setting the status conference. This Order is two pages. The undersigned recommends that the billing entry be reduced to 0.1.

Taking the aforementioned reductions into account, counsel's total time should be reduced to 59.8 hours. The undersigned further recommends that plaintiffs' counsel be allowed to recover an additional five hours (three hours of hearing time and two hours of total travel time) for participating in the evidentiary hearing on December 16, 2010. Thus, counsel's total time should be 64.8. Accordingly, the undersigned respectfully recommends that the plaintiffs be awarded attorneys' fees in the amount of **$12,960.00** (64.8 hours at $200.00 an hour).

## C.    Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The plaintiffs prevailed in the case at bar and, therefore, are entitled to receive all costs recoverable under 28 U.S.C. § 1920. A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Section 1920 states as follows:

A judge or clerk of any of the United States courts may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs. However, in exercising their discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir.  2000).

In Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988), the Eleventh Circuit did not extend the costs recoverable under the Fair Labor Standards Act beyond those costs recoverable under 28 U.S.C. § 1920.  Accordingly, the plaintiffs are limited to those costs they would be entitled to under 28 U.S.C. § 1920.

The plaintiffs seek to recover $350.00 for the filing fee of the Clerk of the Court and $526.00 for service of process on the defendants. These costs are recoverable

under 28 U.S.C. § 1920. Accordingly, the undersigned respectfully recommends that the plaintiffs be awarded costs in the amount of **$876.00**.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion for Final Default Judgment (DE# 20, 10/12/10) be **GRANTED in part** and **DENIED in part** and that the Court enter Final Default Judgment in favor of the plaintiffs and against defendants Porcao Rio's LLC, Steak in Foods & Beverages, Inc. and Porcao Group, LLC in the amount of **$161,666.16** and issue an Order awarding attorney's fees and costs in the amount of **$13,836.00**. **The plaintiffs shall promptly serve a copy of this Report and Recommendation on the defendants and file a notice of compliance with the Court.**

Pursuant to 28 U.S.C. §636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge, within fourteen (14) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).

DONE AND ORDERED in Chambers, at Miami, Florida, this **21st** day of December, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Seitz
All Counsel of Record

11